ROBERT STERRY AND LOUISA ANN, HIS WIFE, *against*
ARDEN AND OTHERS.

ELIZA B. SERVANT, *survivor,* &c. *against* ARDEN AND
OTHERS.

In two causes against the same defendant, depending on the same facts,
the plaintiffs were respectively witnesses for each other ; and after pub-
lication had passed, and the causes had been set down for a hearing, the
defendant filed *cross bills* for discovery, on the ground that the witnesses
had not fully and satisfactorily answered one of the cross interrogatories.
A motion made to put off the hearing of the causes, until answers were put
in to the *cross bills*, was refused, it being too late for such an application,
and the answers not appearing to be evasive.

*It seems* that a *cross bill* must be filed before publication is passed in the first
cause.

BILLS were filed for an account of rents and profits, &c.
of two lots of land, conveyed by *James Arden,* the defend-
ant, to *De Witt Clinton* and others, *in trust,* for the plain-
tiffs, *Louisa Ann,* and *Eliza,* who are the daughters of
the defendant, *Arden,* by deeds delivered to them, the
25th of *December,* 1805, and, afterwards, in 1807, re-
delivered by them to their father, and in 1809, deposited,
by him, with *Clinton. Louisa Ann* married with the plaintiff,
*Sterry,* in *December,* 1809. The defendant, *Arden,* then
sold the lot to *Philip Verplank.*

Rules for publication were passed in the cause, about the
1st of *May* last; and the cause was set down for hearing, on
due notice, at the last *May* term, and continued over to this
day.

*Cross bills* were filed by the defendant, *Arden,* on the
9th of *June* instant, stating the circumstances under which
the deeds in controversy were made and delivered; and that
the plaintiff, *Louisa Ann,* and her sister *Eliza,* who was a
plaintiff in another bill, in this court, on a similar deed, were

witnesses for each others; and that the plaintiff, *Louisa Ann,* had evaded the question put to her on the first cross interrogatory, and had not given a satisfactory answer to the same; and, in order to obtain a fuller discovery on that point, the cross bill was filed.

The first cross interrogatory was : " Have you ever heard the defendant, in the presence of the plaintiff, about the time of signing the deed, or at any other time, and when, declare that the property was intended for the use of the plaintiff, after the death of the defendant, and not before; and that he was to take the rents and profits during his life, or words in substance thereto ; and that, in case she married without his consent, the deed was to be void ?"

*Harison* and *Emmett,* for the defendants, now moved to postpone the hearing of the causes, until answers were put in to the cross bills. They cited *Cooper's Equ. Pl.* 85.

*Riggs* and *Griffin,* contra. They cited *Wyatt's Pr. Reg.* 60. 86.

THE CHANCELLOR. This is an application to the discretion of the court, like the application to put off a trial at law ; and if I could perceive any thing like evasion in the deposition alluded to, I should feel strongly inclined to grant the motion ; and, especially, considering that the plaintiffs, in the two suits, are witnesses for each other, and have similar interests, depending upon the same point, in litigation. But I do not discover any just ground for the charge of intentional evasion, in the answer to the first cross interrogatory, The interrogatory was quite general, and not pointed to any particular conversation or declaration of the defendant, as to the limitation of the deed. The answer of one of the plaintiffs, *Eliza B. Servant,* states a conversation and declarations of the defendant, on the matter in question, and the time when, and declares, THAT *was all she remembered rela-*

tive to the matters inquired of in that interrogatory, and that further thereto she could not depose. The other plaintiff, Louisa Ann Sterry, states, that the first time she ever had any idea that the conveyance of the property, in the intention of her father, was accompanied with any condition, or restriction, was in January, 1809, on the delivery of the deed to Mr. Clinton; and she details what declarations of the defendant were then made; and adds, that further to that interrogatory she could not depose.

The omission to add a more particular and pointed negative of any further knowledge on the subject, so as to meet the very words of the question, was probably the act of the examiner, since the 29th rule of the court, as published in June, 1809, directs the examiner, after taking the deposition to what the witness can depose, to add one general clause, indicating that to the remainder of the interrogatory the witness cannot depose.

If the answers to the interrogatory have not the appearance of evasion, it is not a sufficient cause for granting the motion, that the answers are not quite satisfactory, and that a more direct and particular denial of any recollection or knowledge of other and further declarations of the party, might be desirable. The party should have been more vigilant in seeking relief, and not have waited several weeks after publication, and after the causes have been set down for hearing. It is believed that there is no instance in which, after so late a period of a cause, it has been permitted to be suspended by a cross bill. It is said to be an invariable rule, that a cross bill must be brought before publication is passed in the first cause. The defendant might have sought a discovery from the plaintiffs, by a cross bill, in the commencement of the suits; but he elected to examine them as witneses in their respective suits, as against each other, and he was probably correct in supposing that what they deposed, as witnesses, might be adduced as testimony against them in their own causes. But after a party has examined a witness, in

the regular course, there must be something special to justify    1814.
a re-examination of that witness; and though the danger to be
apprehended from such a practice may not apply here, yet  Epis.Church
it would be unreasonable to grant this double examination, in  Jaques.
this case, without some very strong grounds; for it necessa-
rily leads to much delay and expense, and would be incon-
venient as a precedent.

Motion, in each case, denied.