1823.

FIELD
v.
SCHIEFFELIN

### FIELD *against* SCHIEFFELIN and others.

A cross bill cannot be filed after publication passed in the original suit.

And, if filed after publication, testimony taken in the cross cause cannot be used.

The Court may, sometimes, at a hearing, direct a cross bill, when it appears that the first suit is insufficient to bring before the Court the rights of the parties, and the matters necessary to a full and just determination of the cause.

July 1st.

PETITION of *William Joseph Hopkins*, one of the defendants, an infant, by his guardian, for a *rehearing*, on the usual certificate of counsel, that it ought to be granted. The petition complained of error in the decree, and reiterated the same points which were taken and argued in the cause, as constituting a defence to the suit.* It stated further, that it was for the interest, and proper for the establishment of the rights of

* *Vide* S. C. *Ante, p.* 150.

the infant, that he should file *a cross bill* against the plaintiff, and the representatives of *William James Stewart,* and his surety, *John James Stewart,* " for the purpose of putting fully in issue, and showing that the moneys received by *W. J. S.,* the guardian of the infant, from the plaintiff, for the bond and mortgage, were applied by him to his own individual and private purposes, and that the plaintiff was, at the time, fully aware that the moneys were not wanted, or intended, for any investment or purpose beneficial to the infant, but only to supply the wants of the guardian; and that the plaintiff, on that account, practised on the necessities of the guardian, and obtained the assignment on an usurious bargain, or at least on unconscionable terms; and that the infant would have caused such a cross bill to have been filed previous to the hearing of the cause, if he had not believed that such facts were already sufficiently in issue, and sufficiently apparent, from the evidence in the cause."

The petitioner, therefore, prayed for a rehearing, and for leave to file a cross bill, " for the purpose of putting in issue and establishing the matters aforesaid, and such other matters as he may be advised it is right and proper he should put in issue and establish."

To the petition was annexed an affidavit of the solicitor for the infant, accounting for the delay in not making the application sooner, (the decree having been entered on the 26th of *April* last, and a term of the Court having intervened,) and stating that the fact of the decree was not known to him until the first day of the last term, and the professional engagements of his associate counsel prevented the application during the term.

*Emmet* and *Wilson,* for the motion.

*Wells,* contra, read the affidavits of the plaintiff, and of *John M. Bradhurst,* stating, that the mortgaged premises

1823.

FIELD
v.
SCHIEFFELIN

1823.

FIELD
v.
SCHIEFFELIN

were an inadequate security for the debt, in the pleadings mentioned; and that the protracted litigation would seriously endanger the demand.

THE CHANCELLOR. The principal object of the re-hearing, is to obtain the benefit of further proof by means of a cross bill. It is to supply, in that way, the defect of direct proof on matters put in issue in the original cause, after testimony had been taken in the cause, and the party had voluntarily gone to a hearing upon the pleadings and proofs as they stood, and in the belief that the facts were sufficiently in issue, and sufficiently proved.

An application of this kind, after hearing, and after a decree, is altogether unwarranted by the rules and practice of the Court. The avowed object of the cross bill, is to put in issue, and establish by proof, the very matters which have been already put in issue, and upon which proof had been taken and submitted to the judgment of the Court, and upon which its judgment has passed. To open the litigation to this extent, would be setting a most inconvenient and dangerous precedent. It is a well established rule, that a cross bill must be brought before publication has passed in the first cause, unless the plaintiff in the cross bill will go to a hearing on the depositions already published. (*Rep. temp. Finch*, 103. *Wyat's P. R.* 85. *Cooper's Pl.* 87. 1 *Johns. Ch. Rep.* 64.) The object of the rule is to prevent the danger of perjury. It is founded in sound policy, and in a just sense and deep knowledge of the seductions of interest, and the force and influence of the passions.

A cross bill is generally considered and used as a matter of defence; and, therefore, according to Lord *Hardwicke*, (*Kemp* v. *Mackrell*, 3 *Atk.* 812.) the first cause and the cross bill are but one cause. It is so intended to be used in this case. But, for whatever purpose the cross bill may be used, if it comes in after publication, the plaintiff in it

*A cross bill must be filed before publication is passed in the original cause, unless the plaintiff in the cross bill, will go to a hearing on the proofs already published.*

cannot take proof to any point to which he has already examined, for this would contravene the principles of the Court. In *Wilford* v. *Beaseley,* (3 *Atk.* 501.) a cross bill was filed after publication, and before decree in the original cause, and the evidence taken in it, touching the matters in issue in the original cause, was not permitted to be read after the decree in the first cause. So, in *Taylor* v. *Obee,* (3 *Price,* 26. 83.) depositions in a cross cause, taken after publication of those in the original cause, were held not to be admissible in evidence on the hearing of the latter. The general rule, as the Court of Exchequer wisely observed, was of more importance than that particular case; and though a departure from it in one particular instance might not be mischievous, it would become a precedent for dispensing with the rule in many others, wherein it might be so. If there be any exception to this rule, it is in the case in which the decree in the original cause passed by default, and there has been no testimony taken, and when there can be no danger of abuse. In *Kinsey* v. *Kinsey,* (2 *Ves.* 578.) which is very shortly reported, and where there was a decree by default, Lord *Hardwicke* is made to say, that where " the plaintiff in the original suit happens to get a decree, the plaintiff in the cross bill may, by *caveat*, stop the enrolment for 40 days, petition to rehear, and bring on both together." The application or extent of this remark does not distinctly appear, nor whether any or what proof was taken, or when. There is no ground to infer that proof was taken in the cross cause after publication in the other.

The Court will sometimes at the hearing, and in its discretion, direct a cross bill; but this is when it appears that the suit is insufficient to bring before the Court the rights of all the parties, and the matters necessary to a full and just determination of the cause. (*Mitf. Pl.* 77.) And these instances which I have mentioned, are the utmost length to which the Court has gone in the admission of

1823.

FIELD
v.
SCHIEFFELIN

cross bills; they must be brought before publication, and testimony taken in them afterwards cannot be used, unless where some new matter of defence, as a release, arises after the cause is at issue, or the case appears, at the hearing, too imperfect to reach and settle the rights of all the parties. It is too late, after publication, to introduce new and further testimony to the matter in issue, by the contrivance of a cross bill. It would be doing, in an indirect way, *per obliquum*, what is forbidden to be done directly, as was fully shown in *Hamersley* v. *Lambert*. (2 *Johns. Ch. Rep.* 432.) In the late case of *Cock* v. *Broomhead*, (16 *Ves.* 133.) a motion to enlarge publication in the original cause, which was set down for hearing, until an *answer* had come in to the cross bill, which had been filed after the rules for publication had passed, was denied, with costs, by Lord *Eldon*, "as against the practice." It was stated, that no special case was attempted to be made by affidavit; which would seem to imply, that, under special circumstances, such a motion might have been sustained.

In the application now under consideration, there are no special inconsistencies disclosed, but the cross bill is asked upon the broadest terms, and for the avowed purpose of making out a better defence by suppletory proof, after the proof already taken has been found, upon trial, to be insufficient. This is, manifestly, inadmissible. It would be creating a great temptation to abuse, and, what would be extremely grievous, it would go to the destruction of the salutary and uniform practice of the Court. It is infinitely important to the due administration of justice, that the rules of evidence should be stable, and not made to yield to the convenience, or even hardship, of a particular case. If a cross bill could be filed in such a stage of the cause as is presented in this case, and to enable the party to make a fuller defence, "by putting in issue and establishing the

*Rules of evidence should be stable, and not yield to convenience or hardship, in a particular case*

matters aforesaid, (and which were the matters in issue in the original cause,) and such other matters as he might be advised to establish," the practice of the Court would be broken up; litigation would become oppressive, vexatious, and interminable; the door would be opened for fabricated testimony to supply defects, and remove the pressure upon the case; and arbitrary discretion would be substituted for established rules.

The cross bill is not pretended to be required for the mere purpose of discovery of facts, resting in the knowledge of the plaintiff. It is not asked for on that ground, nor for that object. It is for the extensive design of putting in issue and establishing the breach of trust in the guardian, and the plaintiff's knowledge of that guilt, when he dealt with him, as well as the oppression and fraud of the plaintiff, in procuring the bond and mortgage. If the bill was intended for discovery merely, the object would have been less objectionable; but it would have been still a violation of the practice, and dangerous to truth and integrity, though in a less aggravated degree. It is too late, after publication, to examine even the party in chief, and especially after hearing, when the testimony has been discussed, and its strength or weakness ascertained and declared. In the case last referred to, Lord *Eldon* held it to be against the practice, to wait even for an answer to the cross bill, filed after rule for publication. It would be exposing the plaintiff to the most dangerous temptation, if, after he had been informed by the history of the suit, that no further testimony could be produced against him, and that the cause was absolutely with him, unless he confessed it away, the defendant was then to be permitted, by a cross bill, to fish for his answer. The Court, as a guardian of the public morals, is called upon to maintain, with a steadier hand, those rules of practice, which have been wisely established to preserve order, to accelerate business, to li-

1823.

FIELD
v.
SCHIEFFELIN

1823.

FIELD
v.
SCHIEFFELIN

mit contention, to prevent perjury, and to throw reasonable protection over the weaknesses and infirmities of mankind.

I am, therefore, of the opinion, that the prayer for leave to file a cross bill, for the purpose of a further defence in this suit, is, under the circumstances of the case, entirely inadmissible, and ought to be denied.

The petition for a rehearing is then left to rest solely upon the merits of the case, as it stood at the hearing.

The cause was argued very much at length, and with their usual ability, by the counsel who are now concerned in this application. The reasons stated for a rehearing, independent of the scheme of a cross bill, are only a very brief abridgment of the arguments urged at the hearing, on the part of the defendants ; and, after the very full discussion which has been given to the case, what new light can possibly be thrown upon the cause by a rehearing? The certificate annexed to the petition, is signed by the same counsel who argued the cause; and I am satisfied, that the real object of the application, as well as the solid hope of eventual success, is the further proof to be attained, under cover of the cross bill. If that object be defeated, and the ground of that hope removed, there does not remain much cause for the motion; and I presume, that if the cross bill had not been part of the application, it would not have been made. It is very much of course, to grant a rehearing upon the certificate of counsel. But the certificate it-self is granted with great facility, when called for by the dissatisfied party; and if a rehearing be really a matter resting in sound discretion, then, certainly, some discretion ought to be exercised, and the parties ought not, as *of course*, to be subjected to the delay, and expense, and hazard, and distress, of an unyielding and protracted litigation. If the Chancellor is satisfied that the cause has been exhausted by argument, and if he has given to the case the best exa-

mination in his power, and has arrived to a conclusion which satisfies his judgment, I see no propriety, nor use, nor justice, in granting a rehearing. Lord *Thurlow* once refused to grant it; and I think that this case, under all its circumstances, is one in which the discussion should be closed in this Court, and the defendant put to his regular constitutional remedy, by appeal.

The motion for a rehearing, and for leave to file a cross bill, are, therefore, denied, without costs.