## Case No. 4,437.

EMERSON v. DAVIES et al.

[1 Woodb. & M. 21.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1845.

I. J. Austin and S. A. Foot, of New York, for plaintiffs.

G. T. Curtis, for respondent.

WOODBURY, Circuit Justice. It is certain that in England the rehearing of cases in equity is much more frequent than in this country. Part of this arises from a difference in our systems, and from the word "rehearing" being often applied there to what would be considered an appeal here. Thus, after a decision by the master of the rolls, or vice chancellor, if the case be heard by the lord chancellor, it is called a "rehearing." 1 Grant, Ch. Pr. 205; 2 Smith, Ch. Pr. 18. Such a rehearing, without any inquiry beyond a request by the party feeling aggrieved, and a certificate of counsel that the reasons for it were sufficient, might not be questionable, where a party has a right to have his case considered by other officers. But another class of cases, such as are usually here denominated rehearings, are a second hearing before the same judge or court, on application of a party supposing himself injured by the decision made after the first hearing. Such is the present case; and though, under some very doubting chancellors in England, such rehearings may have been very frequent and often granted merely on the certificate of counsel, yet I apprehend the court there always could, in its discretion, properly refuse them, notwithstanding such a certificate. In support of this view, the general position there, as here, is, that no rehearing can be had, unless the case comes within some rule of the court, without satisfying the discretion of the court that it is right. 1 Grant, Ch. Pr. 205; 2 Smith, Ch. Pr. 25. A certificate of counsel alone might sometimes do this, and sometimes not; and it is not understood to be contended that in England there is any rule of

---

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

court making such a certificate sufficient, but only a practice of the kind.

Decrees in England are enrolled soon in order to prevent a renewed hearing before the same officer—as well as one before the chancellor when the first hearing was before the vice chancellor or the master of the rolls. 1 Smith, Ch. Pr. 427. Another proof that in England the court may refuse a hearing, though the propriety of it be certified by counsel, is the form of the certificate itself. It is —"We conceive this cause is proper to be reheard, touching the matters mentioned in the petition, if your lordship shall think fit." 2 Grant, Ch. Pr. 110; 2 Smith, Ch. Pr. 26. It will be seen that the certificate itself is only conditional—that is, if the court sees fit to allow the rehearing. It seems to be reasonable that the court should look to the matters stated in the petition, and would deem it a duty first to see if they were proper ones, provided they were requested to do it by the opposing counsel, or provided the case had, within their own recollection and judgments, been already fully argued and considered. But if the course be otherwise in England, such a practice, we think, has never been adopted here, nor in the supreme court of the United States.

In the supreme court the 88th rule must be complied with;[2] and it is well known that the provisions of that rule are in some respects even more liberal on this subject than the practice which preceded it. [Hudson v. Guestier] 7 Cranch [11 U. S.] 1; Cameron v. McRoberts, 3 Wheat. [16 U. S.] 591. No case has been found, or is believed to exist, of a rehearing in that court, on the mere certificate of counsel; and the rule requires counsel to sign the petition, but says nothing about their certifying to it. Furthermore, it prescribes an oath in some cases to the special matters which must be set out in it. I cannot, therefore, acquiesce in what seems to be the inference of the counsel for the petitioners, that this rule is not intended to be different from what is contended for in the present case. Had the court meant to adopt the English practice on this subject, and that practice is, as the petitioners argue, it is probable that the language of the rule would simply have conformed to it, instead of being so different. In this view of that rule, and considering that it was expressly adopted in this circuit, May 20, 1842, beside being in force here after August 1st, 1842, by the 92d rule of the supreme court, it is too late to

contend for a more indulgent practice in this than in that court, if the present case comes within the provisions there laid down, and is to be regulated only by them.

Supposing, however, for a moment, that the present is a casus omissus, and is covered by no published rule, either of the supreme court or of this court—and supposing, further, that the English practice is settled to grant rehearings, as of course, on the certificates of counsel merely, without any inquiry or argument, ought we to adopt that practice, under the 90th rule of the supreme court? That last rule, where none other applies, does not regulate the practice of this court by that of the high court of chancery in England throughout, or require it to be adopted without qualification, as is argued; but it is only "so far as the same may reasonably be applied, consistently with the local circumstances and local convenience of the district where the court is held;" and so far, "not as positive rules, but as furnishing analogies to regulate the practice." Now it hardly needs much explanation, that such a practice here would be likely to involve this court in numerous rehearings, with little real benefit to the public or to parties in advancing sound justice. Without more judicial machinery, the business of the court would be likely to be almost interminable. The different grades of counsel there, devoted so exclusively, as many are, to one branch of law, have little analogy here, in the active and multifarious duties imposed on most of our bar, and give there a weight almost semijudicial to such certificates and examinations, less frequently to be claimed here.

For reasons like these, it has probably happened that such a practice has never yet been deemed applicable to our local circumstances, or consistent with our local convenience, and has therefore never been adopted in this circuit. On the contrary, the learned judge, who presided here so ably for the last third of a century, is understood recently to have pronounced an opinion opposed strongly to the propriety of such a practice. It was in the case of Jenkins v. Eldredge [Case No. 7,267], at the May term, this year; and is fortunately drawn up in detail on this point, and ere long will be published. I understand it was delivered before his death, and not merely sketched out. Though it does not go into some of the considerations which have influenced me on this question, and looks at others under aspects somewhat different, yet it contains so much in opposition to the expediency and applicability of such a practice here, that nothing more need be said to show the impropriety of adopting it. In New York, by a rule of the court, rehearings are not granted on such certificates alone (1 Paige, 256); and I am not aware that such a practice prevails in any of the United States. It is not entirely of course there to grant a rehearing on a certificate of counsel. Field v. Shieffelin, 7 Johns. Ch. 250, 256.

---

[2] That rule is as follows: "Every petition for a rehearing shall contain the special matter or cause on which such rehearing is applied for, shall be signed by counsel, and the facts therein stated, if not apparent on the record, shall be verified by the oath of the party, or by some other person. No rehearing shall be granted after the term, at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court. But if no appeal lies, the petition may be admitted at any time before the end of the next term of the court, in the discretion of the court."

In my judgment, then, a rehearing in this case should not be allowed merely on the certificate of counsel. In this conclusion my associate concurs, and consequently the case stands for argument on the merits of the petition.