NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—January, 1885.

## LARKIN *v.* SALMON.

*In the matter of the estate of* WILLIAM SALMON, *deceased.*

A gift, by will, of " all the money left in the W. S. Bank, after carrying out " (certain prior directions contained in the will), is a specific legacy of a chose in action, which the legatee is entitled to receive *in specie*, together only with such increment as may have attached thereto. No claim will lie, under any circumstances, against the executors, for interest, *eo nomine*, thereon; nor are they bound to make the same productive.

Platt v. Moore, 1 *Dem.*, 191—followed.

HEARING of exceptions to report of referee, to whom were referred the account of Patrick Salmon and another, as executors of decedent's will, and the objections thereto, filed by Mary Larkin and another, decedent's sisters, upon proceedings for judicial settlement.

DEVELIN & MILLER, *for executors.*

M. S. THOMPSON, *for objectors.*

THE SURROGATE.—The first three clauses of the will of this testator contain directions for paying two legacies of $1,000 each, and for fencing a plot in Calvary Cemetery. The fourth clause is unimportant for present purposes. The fifth is in words following: "All the money left in the West Side Bank, after carrying out the directions in the first three clauses of this my will, I direct to be divided between my wife, my three sisters and my brother, share and share alike."

As one of the results of an examination, before a referee, of the accounts of this decedent's executors, it appears that, after such executors had made certain payments out of moneys left by decedent in the West Side Bank, there remained on deposit in such bank, and applicable to the discharge of the bequest contained in the fifth clause of the will, the sum of $3,861.22. Upon this amount, less $500, the referee finds that the executors are chargeable with interest at 3 per cent., from July 1st, 1883, about one year after the testator's death, until December 1st, 1884, six months after the executors had filed their account.

To this finding the accounting parties have excepted. Their exception must be sustained.

The legacy given by the fifth article of the will is a "specific legacy," as it seems to me, within the definition of that expression sanctioned by the highest judicial tribunals (Bothamley v. Sherson, *L. R.*, 20 *Eq.*, 304; Fontaine v. Tyler, 9 *Price*, 94; Stephenson v. Dowson, 3 *Beav.*, 342; Kirby v. Potter, 4 *Ves.*, 748; Mayo v. Bland, 4 *Md. Ch.*, 484; Walton v. Walton, 7 *Johns. Ch.*, 256; Towle v. Swaysey, 106 *Mass.*, 100). As such specific legacy, it does not draw interest, *eo nomine*. The legatee is entitled to receive it *in specie*, together with such increment as may actually have attached to it,—nothing more and nothing less (Murphy v. Marcellus, 1 *Dem.*, 288; Platt v. Moore, *id.*, 191, *and cases cited*).

Now, it is not claimed, in the case at bar, that the legacy under consideration has actually earned any interest. On the contrary, it is for the very reason that the executors have failed to make such legacy productive that the referee finds them accountable. I have been referred to no reported case, in which an executor has been held chargeable with interest for neglecting to convert into money the thing given as a specific legacy, and to invest the proceeds for the benefit of the legatee. And I see no reason for abandoning the doctrine asserted in Platt v. Moore (*supra*), where it was held that the executors of a testator who had bequeathed certain insurance policies as a specific legacy were not bound to collect the policies, but would perform their full duty by merely delivering and assigning them to the beneficiary.

It would scarcely have been claimed, if the bequest here in dispute had been a bequest of books or jewels or household furniture, that the executors would have been bound, or would, indeed, have. been authorized, to sell the things bequeathed, and make investment of the proceeds for the benefit of the legatees. And I know of no rule of law, applicable in such a case, that is not equally applicable in a case like the present, where there is a legacy of a chose in action.

The exception to the referee's report is, therefore, sustained.