NEAL *v.* FOSTER *et al.*

*(Ciruit Court, D. Oregon.* April 5, 1888.)

1. EQUITY—PLEADING—CROSS-BILL—RIGHT TO FILE—DEMURRER.
   A cross-bill is a mode of obtaining relief or making a defense to which a defendant may resort as against the plaintiff or a co-defendant in the original bill, without leave of the court, and the question of his right to file the same when and as it may be done, may be made and determined on demurrer.

2. SAME—TIME TO FILE—AFTER PUBLICATION OF TESTIMONY.
   Where a cross-bill does not seek to introduce new or further testimony on the matters in issue in the original suit, it may be filed after publication has passed, or the testimony thereabout is taken.

3. SAME.
   As the testimony in equity cases is no longer taken secretly or kept from the inspection of the parties until what was called publication, the mere fact of publication having passed or the testimony being closed in the original suit, ought not to prevent a defendant from filing and maintaining a cross-bill even touching matters in issue in said suit.

*(Syllabus by the Court.)*

In Equity. On demurrer to cross-bill. Action to set aside conveyances.

*Earl C. Bronaugh,* for plaintiffs.

*James K. Weatherford,* for defendant.

DEADY, J. The original bill in this case was filed on July 1, 1886, against James H. Foster, John A. Crawford, William Crawford, Ashby Pearce, John R. Baltimore, J. L. Tiles, E. Walden, and W. H. Goltra, and the object of it was to have certain conveyances of real property situate in Albany, Linn county, theretofore made by Foster to the Crawfords and Ashby Pearce, set aside as fraudulent.

The other parties, including Goltra, were made defendants in the bill, because they were, or claimed to be, judgment creditors of Foster's, and in their answers they set up their claims accordingly. The Crawfords and Foster answered the bill, denying that the conveyances were fraudulent. The plaintiff replied, and on October 7, 1886, the case was referred by the circuit judge to a master, who on August 29, 1887, filed his report of the evidence taken by him, and also his conclusion of fact and law thereon, as directed by the order of reference.

In his answer Goltra states that in February, 1886, he obtained judgment in the state circuit court for the county of Linn against Foster on divers claims for the sum of $16,118.84, for which he claims a lien on the property in question.

On November 14, 1887, the defendants Foster and John A. and William Crawford, had leave to file what is styled therein, "a supplemental cross-bill," in which it is alleged as a bar to Goltra's claim to enforce his judgment against the property in question; that on February 10, 1886, he commenced a suit in the state circuit court aforesaid against the plaintiffs in the cross-bill to enforce the lien of his judgment against the property in question, on the ground that the conveyances thereof by Foster

to the Crawfords were fraudulent, because made with intent to defraud Goltra and other creditors of Foster; that the defendants in said suit answered the complaint, denying the allegations of fraud, and averring that the conveyances were made in good faith, and for an adequate consideration; that Goltra filed a reply to this answer, and upon the issue thus raised the cause was, on July 9, 1886, heard by said court, which found that the conveyances in question were made to the Crawfords in good faith, and for an adequate consideration, and decreed that the bill be dismissed, and the defendants recover their costs; that Goltra appealed from said decree to the supreme court of the state, where, on April 11, 1887, said appeal was, by the order of said supreme court, dismissed at the cost of the appellant, whereby the decree of said circuit court of July 9, 1886, remains in full force and effect, and is now binding between the parties thereto.

On December 31, 1887, Goltra demurred to the cross-bill. On the argument the objections made to the filing of the bill when the application was made therefor were restated, and insisted upon. The point was also made that the cross-bill does not state the facts of the original bill.

The bill states the commencement of the original suit, giving the date thereof, and the names of the parties thereto, and adds, "the object and purpose of said original bill being as therein stated and prayed."

The proceedings on the original bill are then stated as above, down to the filing of the master's report, to which is added the allegation that Goltra was made a defendant in the original bill, as one of the creditors of Foster, while his interest was that of a plaintiff; and by said bill and the report of the master, Goltra is represented as being entitled to share in the proceeds that may accrue to the creditors of Foster by virtue of any decree of this court in the original suit.

It is said that the cross-bill should state the original bill, or the parties, prayer, and object of it, the proceedings thereon, and the right of the plaintiff therein, which is sought to be made the subject of the cross-litigation. Story, Eq. Pl. § 401; Adams, Eq. 403. In England, where this rule had its origin, a cross-bill might have been filed in another court than that in which the original was pending. Story, Eq. Pl. § 400. In such case it would be necessary to set forth the matters in the original bill, and its prayer and object, together with the proceedings thereon, if any, so that the court might be possessed of the whole case, of which the cross-bill is only a part. But this practice never obtained in this country. In the national courts, at least, the cross-bill must, from the necessity of the case, be filed in the circuit court where the original bill is depending.

In such case there is no necessity of bringing the facts of the original bill or its object or prayer to the attention or knowledge of the court by repeating them in the cross-bill, and a mere reference to the bill, which is already before the court; and a part of the case is sufficient for all practical purposes. Of course, it is necessary to set forth in the cross-bill so much of the matter in the original bill, and the subsequent plead-

ings and proceedings thereon, as may be necessary to show what right or defense is sought to be brought before the court for adjudication, and to make a proper case therefor.

This has been done in this case. Goltra, a defendant in the original bill, but whose interest in the suit is that of a plaintiff, seeks by his answer, in case the court should find that the conveyances by Foster to the Crawfords are void as to the creditors of the former, and order a sale thereof, to have his judgment against his co-defendant Foster satisfied out of the proceeds of the property. And now his co-defendants in the original bill, Foster and the Crawfords, seek by the cross-bill to set up as against him the defense of a prior adjudication by the state court, as between them, of the question of the validity of the conveyances.

It is admitted that the defense as stated is a bar to the demand of Goltra to have his claim satisfied out of the proceeds of this property; that, having litigated the question of the validity of the conveyances of the same as against the creditors of the grantor in the state court with him and his grantees, the Crawfords, he is estopped to allege or claim anything to 'the contrary of the decree in that suit.

A cross-bill is generally considered and used as a matter of defense, and may answer the purpose of a plea *puis darrein* continuance, where the matter of the defense arises after answer. A cross-bill is either brought against the plaintiff in the original bill or one or more of the defendants therein, and the original and cross-bill are considered one cause. 1 Smith, Ch. Pr. 459; Story, Eq. Pl. §§ 389, 393; Adams, Eq. 402; *Field* v. *Schieffelin*, 7 Johns. Ch. 252; *Cross* v. *De Valle*, 1 Wall. 14.

It is also maintained that the cross-bill is filed too late, and that nothing has arisen since the commencement of the suit which would justify its filing. This point was made and argued on the application for leave to file the cross-bill, and it is contended that the question cannot now be raised again on the demurrer. But the rule is otherwise. It was not necessary to give notice of the application for leave to file a cross-bill; nor, so far as I am advised, to obtain leave before doing so. The only case I have found on the subject is *Bronson* v. *Railroad Co.*, 2 Wall. 283. There a cross-bill filed without leave of the court was set aside as irregular. But it was filed by a person not a party to the suit, who petitioned the court for leave to answer for a defendant corporation, then in default, of which he was a stockholder, and also to file a cross-bill. Leave was given to file the answer, but as to the cross-bill the order of the court was silent. The party filed the answer for the corporation, and also a cross-bill, which was subsequently set aside because filed without leave, by a stranger to the suit.

A cross-bill is a regular and legitimate proceeding in a court of equity, to which any party defendant may resort in a proper case, without any special leave of the court. But in doing so he must conform to the law or rule which governs the case, or take the consequence. Story says, (Eq. Pl. § 632:) "A cross-bill will be open to a demurrer if it is filed contrary to the practice of the court, and under circumstances in which a pure cross-bill is not allowed." And as an illustration he cites the case

of a cross-bill filed after publication of the testimony in the original suit, which seeks to introduce new testimony as to matters already in issue therein.

It is generally stated in the books that a cross-bill must be filed before, publication,—that is before the taking of testimony in the original case is closed, and the same opened to the inspection of the parties or published,—unless where some new matter, as a release, arises afterwards, or the case appears at the hearing too imperfect to reach and settle the rights of all the parties.

As an illustration of the reason of this restriction, Chancellor KENT, in *Field* v. *Schieffelin*, 7 Johns. Ch. 253, says: "It is too late, after publication, to introduce new and further testimony to the matter in issue by the contrivance of a cross-bill. It would be doing, in an indirect way, *per obliquum*, what is forbidden to be done directly,"—referring to *Hamersly* v. *Lambert*, 2 Johns. Ch. 432.

The reason given for this is that, if after the publication of the testimony, and the defendant has found out wherein it is defective, he was allowed to supply the same by suppletory proof taken on a cross-bill, there would be great danger of perjury and fraud. *Field* v. *Schieffelin*, 7 Johns. Ch. 254; Story, Eq. Pl. § 395.

But the fact on which this artificial superstructure of caution and prevention is raised has long since ceased to exist in the courts of the United States. At one time all testimony taken in a suit in equity was taken by examiners or commissioners on written interrogatories, and neither the parties nor their attorneys were allowed to be present at the examination, while the persons before whom the testimony was taken were sworn to secrecy. 1 Smith, Ch. Pr. 40, 356–359, 361–374. The testimony was then returned into court sealed up, and remained so until the taking of testimony in the case was closed, when an order of publication was passed, and the depositions were opened.

Now, however, under equity rule 67, the testimony may be taken orally before an examiner in the presence of the parties and their attorneys, who propound the interrogatories, and, when taken on commission and written interrogatories, the depositions may be and usually are opened and inspected as soon as returned to the clerk's office. In other words, there is no longer any secrecy in the premises, and there is now no reason why the period or fact of publication should be arbitrarily prescribed as the point of time beyond which a cross-bill cannot be filed. The court may, *sua sponte*, direct the filing of a cross-bill when it appears necessary to a complete determination of the case, at any time before final decree; and, in my judgment, there ought to be no fixed rule against a defendant's filing a cross-bill in a proper case before the final hearing; the objection of laches being disposed of in each case on the particular circumstances thereof, or by rule of court or the supreme court.

But even under the old state of things the objection to filing a cross-bill after publication had passed was really confined to cases, or at least the reason given for it would so confine it, where the cross-bill sought to

introduce new or further testimony concerning the matters already in issue. Forum Romanum, 46. But this bill seeks nothing of the kind. It sets up a prior determination between the plaintiffs therein and the defendant Goltra of the question of the validity of the conveyances to the Crawfords, a matter which is not mentioned in the original bill, or the answers thereto, and about which no testimony could have been taken, and concerning which there can be no danger of perjury, for it must be proved, if at all, by the record.

The application for leave to file the cross-bill was placed on the ground that the defense did not arise until April 11, 1887, when the suit of Goltra against Foster and the Crawfords was finally determined in the supreme court by the dismissal of the appeal, and therefore it was in the nature of a plea *puis darrein* continuance. This conclusion was based on the theory that the decree of the state circuit court in *Goltra* v. *Foster et al.* was suspended during the appeal, and could not be used as an estoppel while the appeal was pending, according to the ruling in California under a similar statute, which declares that "an action or suit is deemed to be pending from the commencement thereof until its final determination upon appeal, or until the expiration of the period allowed to take an appeal." Code Civil Proc. Or. § 505. See *Sharon* v. *Hill,* 11 Sawy. 302, 26 Fed. Rep. 337. But the supreme court of the state, in *Day* v. *Holland,* 15 Pac. Rep. 855, have since held otherwise, and said, in effect, that the decree of the lower court was operative for all purposes during the appeal as well as the period allowed for taking it. And so, in the light of this decision, the right to file the cross-bill cannot be rested on this ground.

It may be taken for granted that the plaintiffs in the cross-bill could not have the relief prayed for therein as against their co-defendant Goltra, by answer, or otherwise than by cross-bill.

The filling of the bill took place before the cause was submitted for final hearing. It sets up a simple, distinct defense against Goltra's right to have his judgment satisfied out of this property. As it rests on an alleged record, the determination of its truth or sufficiency cannot materially delay or prejudice the final disposition of the case. Under the circumstances, I do not think the demurrer to the bill ought to be sustained on the ground of delay in filing the same. Some other causes of demurrer are assigned, but as they were not noticed in the argument, and do not appear to be material, they need not be considered.

The demurrer is overruled.