CHRISTMAS GOLD MINING CO. v. MILLIKEN et al.

(District Court, D. Colorado. August 26, 1912.)

No. 5,767.

EQUITY (§ 198*)—CROSS-BILL—LEAVE TO FILE.
        A cross-bill by a party to the suit, tendered contemporaneously with the answer, may be filed without leave of court.
        [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 460–462; Dec. Dig. § 198.*]

In Equity. Suit by the Christmas Gold Mining Company against John T. Milliken and another. On motion to strike the cross-bill of defendant J. E. Bergeron. Denied.

Edward J. Boughton, for plaintiff.
M. H. Kennedy, of Denver, Colo., for defendants.

POPE, District Judge. The motion is to strike the cross-bill of J. E. Bergeron upon the ground that it was filed without leave of court. The motion must be denied. The cross-bill is by a party to the suit, and was filed seasonably—indeed, contemporaneously with the answer. Leave of court is not necessary under such circumstances. Neal v. Foster (C. C.) 34 Fed. 496; New York Co. v. Borough of North Arlington (N. J. Ch.) 75 Atl. 177; Beauchamp v. Putnam, 34 Ill. 379, 381; 1 Bates, Fed. Proc. § 381.

Certain expressions in Bronson v. Lacross Co., 2 Wall. 283, 17 L. Ed. 725, and Indiana Co. v. Liverpool, London & Globe Co., 109 U S. 168, 3 Sup. Ct. 108, 27 L. Ed. 895, are relied upon as establishing that leave is necessary. In the first case, however, the filing was ir-

regular. As observed by Judge Deady in Neal v. Foster (C. C.) 34 Fed. 498:

"There [in Bronson v. Railroad Co., 2 Wall. 283, 17 L. Ed. 725] a cross-bill filed without leave of the court was set aside as irregular. But it was filed by a person not a party to the suit, who petitioned the court for leave to answer for a defendant corporation, then in default, of which he was a stockholder, and also to file a cross-bill. Leave was given to file the answer, but as to the cross-bill the order of the court was silent. The party filed the answer for the corporation, and also a cross-bill, which was subsequently set side, because filed without leave by a stranger to the suit."

Likewise in Indiana Southern Railroad Co. v. Liverpool, etc., Co., 109 U. S. 168, 3 Sup. Ct. 108, 27 L. Ed. 895, it was sought to file the cross-bill out of season by a defendant against whom an order pro confesso had been taken and after reference. The court held that under such circumstances it was discretionary with the court to permit the filing of the cross-complaint.

The procedure seems, it is true, to have been indulged in a number of districts to secure leave. Mercantile Trust Co. v. Missouri, etc., Ry. Co. (C. C.) 41 Fed. 8, 11; Brush Co. v. Brush-Swan Co. (C. C.) 43 Fed. 701; International Tooth Co. v. Carmichael (C. C.) 44 Fed. 350; Huff v. Bidwell, 151 Fed. 566, 81 C. C. A. 43; Underfeed Stoker Co. v. American Stoker Co. (C. C.) 169 Fed. 892. But, as observed in Simkins, pp. 470, 479, this seems to have resulted from local practice rather than from the ancient procedure in equity. In Morgan's Co. v. Texas Central Railway, 137 U. S. 171, 11 Sup. Ct. 61, 34 L. Ed. 625, the court held, not that leave was necessary, but that the leave there granted was not improvidently granted. Whatever may be the necessity, therefore, for leave where it is sought to file a cross-bill out of season, such rule can have no application where, as here, the cross-bill is filed by a party to the suit and with his answer. The matter being, however, within regulation by the court, the order here entered, to save any question, will be one permitting the filing of the cross-bill as of the date of its original filing, without prejudice to the right of parties to test, by demurrer or otherwise, the propriety of the matters stated therein as constituting a cross-bill.

The order will further overrule the motion to strike.