LAZARUS GOLDSTEIN *vs.* A. LAWRENCE BURROWS & others.

Suffolk.   November 8, 9, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Agency*, Employee's duty of fidelity.  *Equity Jurisdiction*, Constructive trust. *Trust*, Constructive.

At the hearing of a suit in equity by the proprietor of a shoe business against the owner of a building wherein he was a tenant and one to whom, while employed by the plaintiff, the owner had given a lease of the premises, to have the former employee declared a constructive trustee of the lease for the plaintiff, it appeared that, when the owner had acquired title, the plaintiff was occupying the premises under a lease by which, upon sale, the tenancy could be terminated by a notice in writing and that the defendant owner had given such a notice. There was evidence tending to show that negotiations had occurred between the defendant owner and the plaintiff as to an increase in the amount to be paid as rent, that the plaintiff had stated to the owner that he would not pay an increase demanded and that the owner could let the premises to whomsoever he pleased on the terms demanded; that the defendant employee knew of these facts from the plaintiff; that thereafter the two defendants for the first time negotiated between themselves as to a lease and the lease was made; that the employee was not a confidential employee, that he did not make any false statements to the plaintiff to lull him to repose, that there was no especial good will or value to the plaintiff in the premises and that the rent asked of the plaintiff by the owner was fair.  By order of the judge, a decree was entered dismissing the bill.  *Held,* that the decree was warranted.

After the entry of the decree dismissing the bill in the suit above described, the plaintiff appealed and refused to vacate the premises.  A motion by the defendant lessee thereupon was allowed permitting the filing of a cross bill seeking that the plaintiff be directed to surrender possession of the premises and for damages.  *Held,* that in the circumstances the court had no jurisdiction or authority to permit the filing of the cross bill while the appeal was pending.

BILL IN EQUITY, filed in the Superior Court on July 29, 1919, and afterwards amended, alleging in substance that in violation of rights of the plaintiff the defendant Burrows as owner had made to the defendants Weinberg, one of whom was an employee

occupying a fiduciary relationship to the plaintiff, a lease of premises occupied by the plaintiff and praying that the defendants Weinberg be declared constructive trustees of the lease for the plaintiff. Other material allegations in the pleadings are described in the opinion.

The suit was heard by *Wait*, J., a commissioner having been appointed under Equity Rule 35 to take the testimony. Material evidence is described in the opinion. The judge filed a memorandum of findings, among which were the following: "Israel Weinberg . . . was not a confidential employee; he was told again and again that the plaintiff would not take a lease at $300 a month; he did not make false statements to lull the plaintiff to repose. There is no especial good will or value in the premises. At present and in July, 1919, $300 a month was a fair price for them."

By order of the judge, a final decree was entered on December 23, 1919, dismissing the bill " without prejudice to the defendants . . . Weinberg bringing a suit or action or actions against the plaintiff to recover possession of, or damages for the detention of the premises." The plaintiff appealed on December 27, 1919.

On January 12, 1920, motions of the defendants Weinberg for leave to file a cross bill were allowed by *Wait*, J., and a cross bill was filed seeking to compel the plaintiff to vacate the premises and to deliver them to the defendants Weinberg and "to compensate them for their losses, damage, expenses, counsel fees, rents and loss of profits, and for their costs." Further pleadings relating to the cross bill are described in the opinion. The cross bill was heard by *Wait*, J., a commissioner having been appointed under Equity Rule 35 to take the testimony, and by his order a "final decree" was entered dismissing the plaintiff's (Goldstein's) bill "without prejudice to any legal rights of the plaintiff (Goldstein) now existing" and awarding to the defendants Weinberg $800 and interest and costs. The plaintiff appealed.

*H. H. Bundy*, (*C. Silbert* with him,) for the plaintiff.

*J. W. Tushins*, (*I. Ruby* with him,) for the defendants.

BRALEY, J. The material facts on the record are that the plaintiff had occupied the premises in question as a shoe store for many years under a lease about to expire when one Berman acquired the title. The lease was then cancelled and the plaintiff remained as

Berman's tenant under a new lease for the term of six months which by agreement could be terminated by mutual consent, or by a sale in good faith by the lessor, or if he demolished the building, or if the property was taken by eminent domain. If, however, the lease remained in force the option was given for a further term of six months or longer on the same terms. But if the premises were sold or the buildings to be taken down the plaintiff was to be given thirty days' notice, and he also had the right of cancellation upon giving a like notice to Berman. The plaintiff, upon being informed that Berman intended to sell and convey to the defendant Burrows, interviewed Burrows, who told the plaintiff the amount of rental, and requested him to continue as his tenant. The plaintiff, however, declined, saying in substance to "let it at that figure if he was able." During quite a period before the conveyance to Burrows, the defendant Israel Weinberg had been employed as a salesman by the plaintiff who communicated to him the conversation with Burrows, and that he would not pay the advanced rent, and that Burrows could let the premises to whomsoever he pleased on the terms demanded. The plaintiff's own evidence also shows that immediately after his ownership Burrows exhibited a lease to the plaintiff and asked him if he was prepared to accept. The plaintiff declined and notice to vacate was thereafter given. It was after this last interview that Israel Weinberg and Burrows met for the first time when Burrows suggested that Weinberg should lease. As a result of their negotiations Israel Weinberg and his son the defendant Morris Weinberg leased the premises. The plaintiff in the meantime had retained counsel who saw Burrows about the shelving or fixtures which were to be removed, and asked for the name of the lessee. It was not disclosed. But the plaintiff knew from Berman that the proposed lessee was a person in the plaintiff's employment, and after announcing his removal to another store he discharged Weinberg. If this defendant while acting as a salesman for the plaintiff joined with his son in taking the lease and did not disclose his purpose to the plaintiff, the judge well could find on all the evidence that Weinberg had every reason to believe from the plaintiff's own statements that he did not in any event intend to release but was making arrangements to vacate the premises. The plaintiff was not misled nor overreached, and the evidence fails to show that

any good will attached to, or there was any special value in, the location. It may be that, being desirous of obtaining the premises at a less rental than the amount named, the plaintiff declared that he did not intend to remain. But in the absence of any false statements, or breach of confidence, he fails to bring himself within *Essex Trust Co.* v. *Enwright,* 214 Mass. 507, on which he relies. It follows that the judge rightly held that the plaintiff had not made out a case for equitable relief. *American Stay Co.* v. *Delaney,* 211 Mass. 229, 232.

The plaintiff, however, refused to vacate and, having remained in possession, the defendants by leave of court filed a cross bill on January 12, 1920, asking for injunctive relief and for damages. The original answer to the cross bill, after admitting the allegations of the first, second, third and fifth paragraphs, amounts to nothing more than a general denial. But the amended answer avers that "The court was without power to allow the cross bill to be filed. In any event, the plaintiff in the cross bill may not maintain his action by a cross bill. In any event the cross bill could not be filed while an appeal was still pending." The plaintiff having joined issue, trial on the merits followed resulting in a final decree for damages only, entered on March 24, 1920. The judge on April 9, 1920, filed this memorandum, "The plaintiff's rights under the amended answer . . . were saved, and not waived by proceeding to a hearing on the merits. All three questions raised in this answer by way of demurrer were intended to be denied by the court in its final decree." The defendant on April 8, 1920, appealed "from the decree . . . overruling the three grounds of demurrer raised . . . in his amended answer," and on the same date also appealed from the final decree.

While the trial court pending the appeal from the final decree dismissing the original bill entered on December 23, 1919, could under R. L. c. 159, § 1, make such orders for the appointment of receivers and of injunction or prohibition or for continuing the same in force as might be necessary for the protection of rights of parties until the appeal is heard by the full court, a cross bill which seeks full relief as to all parties concerned in the matter of the original bill is strictly in the nature of a defence. *Jackson* v. *Grant,* 3 C. E. Green, 145. And the court will reserve the directions or declarations which it may be necessary to give or make

touching the matter not fully in litigation by the former bill until the new bill is brought to a hearing. *Field* v. *Schieffelin,* 7 Johns. Ch. 250, 253, 254. The court under the circumstances had no authority to permit the filing of the cross bill. Story, Eq. Pl. § 395, and cases cited in the notes. Fletcher, Eq. Pl. & Pr. § 900. The excess of jurisdiction is not cured by the first paragraph of the decree on the cross bill, "That the plaintiff's (Lazarus Goldstein's) bill of complaint be dismissed. This decree is made without prejudice to any legal rights of the plaintiff (Goldstein) now existing." The bill of Goldstein had been dismissed by final decree before the cross bill was filed, and the case on his appeal was then pending before the full court. The case having been tried by the parties and determined by the court on the sole footing of a cross bill, it is unnecessary to decide whether if not maintainable as a cross bill, it may be considered and retained as in the nature of an original bill asking the court for further aid, where the relief, of course, must be such as the court in the exercise of its jurisdiction in equity could give. *Calverley* v. *Williams,* 1 Ves. Jr. 210, 211, 213. We find nothing in the interlocutory decrees requiring further comment.

The result is that the decree dismissing the original bill is affirmed, while the interlocutory decree allowing the filing of, and the final decree granting relief on, the cross bill are reversed, and a decree is to be entered dismissing the cross bill, without prejudice.

*Ordered accordingly.*