MORRIS WEINBERG & another *vs.* LAZARUS GOLDSTEIN.

Suffolk.    March 9, 1922. — April 15, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, & CARROLL, JJ.

*Actionable Tort.    Abuse of Process.    Damages,* In tort.

The defendant who prevails in a suit in equity or in an action at law has no cause of action against the plaintiff unless the original suit or action was prosecuted maliciously and without probable cause or unless there was malicious abuse of process.

A lessee of certain premises against whom a suit in equity was brought and an injunction obtained restraining him from using the premises to which later it was decreed he was entitled, after the dismissal of the suit brought an action of contract or tort against the plaintiff in the suit in equity for damages caused by the injunction. It did not appear that he requested a bond to protect him from loss or damage when the injunction was issued and it was not alleged and there was no evidence that the suit in equity was prosecuted maliciously and without probable cause or that there was malicious abuse of process. *Held,* that the plaintiff had no remedy in this form of action.

CONTRACT OR TORT to recover damages caused by the defendant in bringing a suit in equity and obtaining an injunction to restrain the plaintiffs from occupying certain premises leased to them. Writ in the Municipal Court of the City of Boston dated January 10, 1921.

On removal to the Superior Court the action was tried before

*Keating,* J. The material evidence is described in the opinion. At the close of the plaintiff's evidence the defendant rested and filed a motion that a verdict be ordered in his favor. The judge granted the motion and the jury returned a verdict for the defendant; and the plaintiffs alleged exceptions.

*J. W. Tushins,* (*I. Ruby* with him,) for the plaintiffs.

*C. Silbert,* for the defendant.

CARROLL, J. The plaintiffs, who, with one Burrows, were the defendants in *Goldstein* v. *Burrows,* 237 Mass. 79, after the decree dismissing the original bill was affirmed and the decree was entered denying the cross bill without prejudice, brought this action in tort or contract against Goldstein, the plaintiff in *Goldstein* v. *Burrows.* The declaration in this action alleges in substance that the plaintiffs were lessees of certain premises under a written lease, the term beginning August 18, 1919; that the defendant in the equity suit, on August 11, 1919, secured an injunction restraining the plaintiffs from taking possession of the premises; that on December 23, 1919, a final decree was entered dismissing the bill without prejudice to the rights of the plaintiffs in this action to bring an action to recover possession; that a decree was entered on the cross bill in the Superior Court in favor of the plaintiffs in this action in the sum of $800 and costs. Thereafter, upon appeal to the Supreme Judicial Court, a decree was entered dismissing the bill of complaint and dismissing the cross bill without prejudice. The declaration further alleges that "as a result of the wrongful acts of the defendant in instituting and prosecuting such proceedings, they were wrongfully deprived of the use of their premises and leasehold to which they were entitled under their lease from August 17, 1919, until about February 1, 1920, and were caused to suffer and incurred loss of profits, trouble, annoyance, legal expenses, counsel fees, and other expenses and damages for which ordinary costs would be inadequate. And the plaintiffs say that all such damages were the result of the tortious acts of the defendant and that the plaintiffs were compelled to employ counsel and resort to the courts for redress." It is not stated in the declaration that the original suit was prosecuted maliciously and without probable cause. At the close of the evidence the trial judge directed a verdict for the defendant.

The defendant who prevails in a suit in equity or in an action at law has no ˙cause of action against the plaintiff unless the original suit or action was prosecuted maliciously and without probable cause, or unless there was malicious abuse of process. The plaintiff, by reason of the injunction granted at the request of the defendant in the original suit, was deprived of the use of the property which it was finally decreed belonged to him. When the injunction was issued, the defendants in the suit in equity (the plaintiffs in this action) could have asked that a bond be furnished to protect them from loss or damages. It was "wholly in the discretion of the judge to determine whether it would issue, continue or dissolve an injunction, and what terms, if any, it would impose upon either party, and whether it would require the plaintiff to give any bond as a condition of issuing an injunction. And, no bond having been ordered or given, the judge correctly ruled that the defendants were not entitled to an assessment of the damages sustained by them by reason of the injunction restraining them from disposing of the patents which by the final decree they were allowed to retain. . . . 'Without a bond no damages can be recovered at all. Without a bond for the payment of damages or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution. It is only by reason of the bond, and upon the bond, that he can recover anything.' . . . The defendant, as to the matters in which the plaintiff fails of final recovery, is in the same condition as one whose property was attached in a suit at law which the plaintiff finally has failed to maintain. Beyond such costs as he may be entitled to recover, his only remedy is by an action for malicious prosecution or malicious abuse of legal process." *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 211.

This action was not prosecuted as an action for malicious prosecution or for malicious abuse of process. There was no allegation in the declaration of these contentions, and there was no evidence to support them; a verdict was rightly ordered for the defendant. *Malone* v. *Belcher,* 216 Mass. 209. *Lindsay* v. *Larned,* 17 Mass. 190. The plaintiff has no remedy in this form of action. See *Zinn* v. *Rice,* 154 Mass. 1.

*Exceptions overruled.*