[Civ. No. 10239.   First Appellate District, Division One.—April 5, 1937.]

WILLIAM CICUREL, Respondent, v. PLAZA SERVICE CORPORATION OF CANADA (a Corporation), Appellant.

Smith, Southwell & Smith and Joseph D. Lear for Appellant.

Philip S. Ehrlich, Albert A. Axelrod and Julien R. Bauer for Respondent.

THE COURT.—Appeal from a judgment in favor of plaintiff upon his complaint and against the defendant on its counterclaim and cross-complaint.

The defendant is engaged in the business of conducting hat and valet concessions in hotels, paying therefor stipulated

sums as provided in its different contracts. It held a contract with the Crocker Hotel Co., a corporation, by which it conducted such concessions in the St. Francis Hotel, and one with the Palace Hotel Co., a corporation, for the valet concession in the Palace Hotel, both hotels being situated in San Francisco. Defendant's right under its contract with the first corporation commenced on May 1, 1929, and continued to May 27, 1933. Its contract with the latter corporation was in effect from May 18, 1929, to May 18, 1934. The plaintiff was employed during the above periods as defendant's manager in San Francisco at a weekly salary and a percentage of the profits from the two concessions last mentioned. When plaintiff's employment terminated he claimed from the defendant an unpaid balance of salary, and a share of the profits, aggregating $4,945.40, to recover which this action was brought.

As a defense and by way of counterclaim for damages defendant alleged that before the termination of its contracts with the two corporations mentioned, and while plaintiff was still in its employ, he negotiated for and subsequently procured contracts between himself and the corporations for the concessions which defendant had held.

The trial court found that after the expiration of defendant's contracts the corporations made contracts with the plaintiff; that he had used his best efforts to induce the corporations to renew with the defendant; further, that plaintiff did not solicit the contracts or negotiate therefor before the expirations mentioned, but that the corporations refused to renew with the defendant and, after the latter's contracts expired, requested plaintiff to take over the concessions. It was also found that plaintiff's employment terminated on May 18th and each new contract was executed after that date. Judgment was entered accordingly.

Defendant claims that the findings are unsupported and are insufficient to sustain the conclusions of the trial court.

It appears that the entire capital stock of defendant company was held by one Crespi, who died some time before the expiration of the contracts. The management of the company then devolved upon an attorney in New York. The defendant was in arrears some $1500 in its payments under the contract with the Crocker Hotel Co. Defendant's new manager made several offers of payment in sums less than the amount due, which were not accepted and, according to the testimony

of officers of the hotel company, the latter before the expiration of its contract had decided not to renew with the defendant. The evidence shows that plaintiff used his best efforts to obtain a renewal for the defendant, and it is evident that his failure was due solely to the conduct of defendant's new manager.

With regard to the contract with the Palace Hotel Co., the latter's officers testified that before its expiration this company had decided not to renew with the defendant.

Testimony, which the trial court believed, was clearly sufficient to support the finding of plaintiff's good faith, that there was no previous solicitation on his own behalf, and that the renewals could not have been obtained by the defendant.

■ It is well settled that an agent must use the utmost good faith and must not postpone his principal's interest to his own or use information acquired in the course of his agency as a means of acquiring an advantage for himself (*Gower* v. *Andrews,* 59 Cal. 119 [43 Am. Rep. 242]; *Rezos* v. *Zahm & Nagel Co.,* 78 Cal. App. 728 [246 Pac. 564]; *Consumers' Co.* v. *Parker,* 227 Ill. App. 552; *Davis* v. *Hamlin,* 108 Ill. 39 [48 Am. Rep. 541]); but where there is no breach of duty in these respects, and a lease is obtained upon information which is not secret or confidential, or by reason of or in the course of an employment, the rule has no application (*Cohn* v. *Clare,* 6 Cal. App. (2d) 504 [44 Pac. (2d) 634]).

■ Here the evidence shows, and the court found, there was no breach of faith; and it is clear that defendant's conduct and not that of plaintiff caused the refusal to renew with the defendant. The facts bring the case within *Goldstein* v. *Burrows,* 237 Mass. 79 [129 N. E. 389] where an analogous situation was held not to constitute grounds for relief.

The judgment is affirmed.